UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA K. PARKER, <br> Plaintiff | ) <br> ) <br> ) | CIVIL ACTION NO. 1:20-CV-859 |
| v. | ) <br> ) <br> ) | (ARBUCKLE, M.J.) |
| CITY OF PHILADELPHIA, PA, <br> Defendant | ) <br> ) | |

MEMORANDUM OPINION

On May 27, 2020, Plaintiff Virginia K. Parker, a resident of Philadelphia, initiated this civil complaint in the Middle District of Pennsylvania against Defendant City of Philadelphia, Pa, alleging that the city is corrupt and is robbing her. (Doc. 1). The basis for this allegation is not entirely clear. It appears that Plaintiff claims she is not receiving the full amount of disability benefits she is entitled to. The reason for the underpayment is not clear. Plaintiff appears to attribute the alleged underpayment to either: (1) an unauthorized person stealing her benefits; or (2) the Social Security Administration's failure to properly calculate her windfall offset—resulting in an underpayment of benefits, *See Steigerwald v. Berryhill*, 357 F. Supp. 3d 653 (N.D. Ohio 2019).

Section 1391(b) of Title 28 of the United States code provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The only Defendant named in this case is the City of Philadelphia, located in the Eastern District of Pennsylvania. 28 U.S.C. § 118(a) (stating that Philadelphia County is in the Eastern District of Pennsylvania). Furthermore, it appears that a substantial portion of the events underlying Plaintiff's claims took place in Philadelphia. Plaintiff alleges that her home was broken into and her social security documents were stolen. Plaintiff alleges that she lives in Philadelphia.

To the extent Plaintiff is alleging that she was underpaid by the Social Security Administration, actions brought in federal court pursuant to 42 U.S.C. § 405(g):

> *shall be brought in the district court of the United States for the judicial district in which the plaintiff resides*, or has his principle place of business, or, if he does not reside or have his principle place of business within any such judicial district, in the United States District Court for the District of Columbia.

(emphasis added); *see also* 20 C.F.R. § 422.210(b). Based on the allegations in the Complaint, Plaintiff resides in Philadelphia.

Section 1406 of Title 28 of the United States Code provides that,

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Put plainly, when it appears that a case was brought in the wrong venue, there are two potential remedies available: (1) the Court may dismiss the action for lack of venue; or (2) the Court may transfer the case to the district where it should have been brought.

In this case, since Plaintiff is a *pro se* litigant, the interest of justice compels me to transfer this case to adequately protect Plaintiff's rights. Transferring this case avoids any potential prejudice that might flow from the outright dismissal of Plaintiff's case. *See Baily v. Kirsch,* No. 1:19-CV-1281, 2019 WL 3336966 at *2 (M.D. Pa. July 24, 2019) (citing *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965)).

IT IS HEREBY ORDERED THAT:

(1)  The Clerk of Court is directed to TRANSFER this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

(2)  An appropriate Order will follow.

Date: June 4, 2020                          BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge