IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIRGINIA K. PARKER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA PA** | : | **NO. 20-2591** |

**MEMORANDUM**

**Savage, J.**                                                                                           **September 10, 2020**

Plaintiff Virginia K. Parker, acting *pro se*, filed this action against the City of Philadelphia in the United States District Court for the Middle District of Pennsylvania. The case was subsequently transferred to this Court. She also seeks leave to proceed *in forma pauperis*. Because it appears that she is not capable of paying the fees to commence this civil action, Parker will be granted leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss her Complaint.

The factual basis for Parker's claims against the City is not entirely clear. She alleges that her Complaint is based on "City Corruption."[1] She attached numerous exhibits. Essentially, she claims she is not receiving the full amount of disability benefits to which she is entitled because someone is stealing them.[2] Although the Complaint does not reflect the legal basis for her claims, Parker indicated on the civil cover sheet that her Complaint is based on the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Emails attached to the Complaint flesh out her outlandish allegations. One reflects Parker's belief that a "City Robber" broke into her home, was "in [Parker's] room when [she] went to the bathroom," and that her "Social security paperwork" was subsequently

---

[1] Compl. at 1 (Doc. No. 1).
[2] *Id.* at 2, 6.

missing.[3]  It mentions Parker's report that she has been having difficulty getting information about her benefits and that the City is robbing her.[4]  A second email suggests that she disagrees with the Social Security Administration's calculation of her benefits.[5]  An attached letter from someone going by "T" — suggests that an individual named Tiffany Tenaya stole Parker's identity to access her funds, that a judge "working in the Philadelphia courts" authorizes Parker's money to be paid to Tenaya, and that Parker is not the only victim of this scheme.[6]  Although unclear, Parker may be alleging that the person doing the "robbing is affiliated with the City Police and Social Security."[7]  She also appears to believe that the "young lady" robbing her has been to jail and lives in the Richard Allen Homes.[8]

This is not the first time Parker has made frivolous allegations that her benefits are being stolen.  In two cases filed in 2018, Parker sued the Philadelphia Police Department, police officers, her daughter Tiffany, and others based on allegations that they conspired to steal her benefits.  *See Parker v. The Police Dep't of Phila.*, Civ. A. No. 18-4459 (E.D. Pa.) & *Parker v. Thompson*, Civ. A. No. 18-2894 (E.D. Pa.).  The complaints in those cases were dismissed for failure to state a claim and Parker's amended complaints were also dismissed.  The allegations in Parker's pending Complaint are a reiteration of her prior allegations.

The Complaint must be dismissed if, among other things, it is frivolous.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it "lacks an arguable basis either in law or in

---

[3] *Id.* at 6.
[4] *Id.*
[5] *Id.* at 9.
[6] *Id.* at 13.
[7] *Id.* at 2.
[8] *Id.* at 7.

fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Because plaintiff is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Parker is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). The complaint must provide enough information to put a defendant on sufficient notice to prepare a defense and the Court can determine the issue. *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

The allegations in Parker's complaint are rambling and incomprehensible. One cannot discern the factual contours of her claims. Parker seems to be alleging that a young woman and/or other actors have conspired with a state judge to have her social security benefits directed elsewhere and have broken into her home to steal her benefits. She claims that she is not the only victim of this scheme. To the extent they can be understood, her allegations are factually baseless. *See Trammell v. All Other Collateral Heirs of Estate of Marie Jones Polk*, 446 F. App'x 437, 439 (3d Cir. 2011) (per curiam) ("Trammell's factual allegations — especially that Carroll stole his property by making recorded deeds vanish from public records — are simply unbelievable."). Accordingly, we shall dismiss Parker's claims against the City based on "robbing."

Because Parker's claims are repetitive, frivolous and malicious, we shall dismiss her Complaint with prejudice.

/s/ TIMOTHY J. SAVAGE J.